## Richmond.

### KELLAM V. BELOTE.

March 21, 1918.

1. LANDLORD AND TENANT—*Tenancy from Year to Year—Notice to Quit.*—To terminate a tenancy from year to year a notice to quit by the landlord to the tenant must be unconditional. In the instant case, there was no unconditional notice to vacate. The notice proposed a different kind of rent, or a renting for a part of the crop instead of a fixed money rent, and to this proposition the tenant replied, "he would do what was right." This was not a sufficient notice to terminate the tenancy.

2. LANDLORD AND TENANT—*Tenancy from Year to Year—Notice to Quit—Waiver.*—It appeared from the evidence that in the case at bar the tenant was in the habit of getting drunk, and after the notice to vacate the landlord sent him word "to stop drinking whiskey and go ahead as he had been doing."

   *Held:* That if the notice had been a sufficient notice it was waived by this message.

3. LANDLORD AND TENANT—*Waiver of Notice to Quit—Notice to Purchaser—Demurrer to Evidence.*—In the case at bar plaintiff claimed that he was a purchaser for value from the landlord and had no notice of the waiver of notice to quit, but he knew of the tenancy from year to year and of the character of the notice that was given to terminate it, and, viewing the case as on a demurrer to the evidence, he had notice of the waiver, as a witness testified that he repeated the message of the landlord as to the tenant's stopping drinking and going ahead to the tenant in the presence of the plaintiff.

Error to a judgment of the Circuit Court of Accomac county, in an action of unlawful detainer. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. J. Turlington, Jeffries & Jeffries* and *Geo. L. Doughty, Jr.,* for the plaintiff in error.

68

*Mapp & Mapp,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This is an action of unlawful detainer brought by the plaintiff in error against the defendant in error to recover the possession of a tract of one hundred acres of land. There was a verdict and judgment for the defendant, and the plaintiff assigns error. Several errors are assigned to the rulings of the trial court on the admissibility of testimony and on the granting and refusing of instructions, but we deem it unnecessary to consider them as we are of opinion that no other verdict could have been found than was found, even if the rulings complained of had been favorable to the plaintiff in error.

Under the provisions of section 3484 of the Code, the case is to be considered as on a demurrer to the evidence by the plaintiff in error. So considering it, the case is as follows: The defendant was a tenant from year to year of William T. Benson, and had been such tenant for several years. In June, 1916, Benson caused a written notice to be prepared, to the defendant, which was served on him by the plaintiff in error on the last day of June, 1916. This notice is not copied into the record and there is some doubt as to its contents; but the plaintiff himself testifies that he served the notice on the defendant, and when asked the following question: "Mr. Kellam, did you state to him that 'this don't mean for you to leave, Will, it is changing the rent from money to a share,'" he replied: "I told Mr. Belote that day that my understanding was that he could rent the place for one-third, but that he could not have it for $350.00," which was the amount he had formerly been paying for rent. The plaintiff further testifies that in response to this statement Belote said, "he would do what

was right." It sufficiently appears, therefore, from the testimony of the plaintiff himself that there was no unconditional notice to vacate. It proposed a different kind of rent, or a renting for a part of the crop instead of a fixed money rent, and to this proposition the defendant replied, "he would do what was right." This was not a sufficient notice to terminate the tenancy.

In *Baltimore Dental Association* v. *Fuller,* 101 Va. 627, 44 S. E. 771, it was decided that a notice to terminate a tenancy of this kind must be explicit and positive; that a conditional notice is not sufficient, and that a notice to a tenant that unless certain repairs were made and assurances given, the landlord would not renew the lease, was a conditional notice and not sufficient to terminate a lease from year to year. The case in judgment comes within this principle. But even if the notice had been sufficient, it was subsequently waived. It does not appear that Benson and the defendant had any other dealings with each other except the renting of this land. It does appear, however, that the defendant was in the habit of getting drunk, and that about a week after the notice was given Benson sent a message to the defendant by G. W. Barrett. The latter testifies that Benson said to him: "You talk to Will about his drinking. You tell Will to stop drinking whiskey and go ahead as he had been doing." This message the witness says he delivered to the defendant three or four days thereafter. The witness further testifies that he thereafter repeated this message in the presence of the plaintiff and of Benson and the defendant, and that witness "gathered that he meant for him to stay at the farm." Subsequently, on September 30, 1916, Benson conveyed this land to the plaintiff in error, who brought this action January 1, 1917. He claims that he was a purchaser for value and had no notice

of the waiver, but he knew of the tenancy from year to year and of the character of the notice that was given to terminate it, and, viewing the case as on a demurrer to the evidence, he had notice of the waiver.

We are of opinion that there is no error in the judgment of the trial court, and it is, therefore, affirmed.

*Affirmed.*